UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re                                                            Chapter 11
                                                                 Case No.

SCHOOLMAN TRANSPORTATION
SYSTEM, INC.

                                    Debtor.
-------------------------------------------------------X

**AFFIDAVIT OF WILLIAM SCHOOLMAN
PURSUANT TO EDNY LBR 1007-4 AND IN SUPPORT OF
EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL PURSUANT TO EDNY LBR 9077-1**

STATE OF NEW YORK)
                                    SS.:
COUNTY OF SUFFOLK )

        WILLIAM SCHOOLMAN, being duly sworn, deposes and says:

        1)        I am the sole shareholder of SCHOOLMAN TRANSPORTATION SYSTEM, INC., the Debtor and Debtor- In- Possession in this chapter 11 bankruptcy case (the "Debtor"), and I make this affidavit in compliance with the obligations of a Debtor-in-Possession pursuant to Local Bankruptcy Rule 1007-4.

        2.        This case was commenced by the filing of a voluntary petition with this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101-et seq., on March 18, 2016 (the "Filing Date").  The Debtor is not a small business within the meaning of Bankruptcy Code Section 101(51D).

        3.        The Debtor is a New Jersey corporation with its corporate office located at 1600 Locust Ave, Bohemia, New York.

        4.        The Debtor offers first class motor coach charter service in the tri state area.

5.      The Debtor's financial difficulties are a result of cash flow problems precipitated by Hurricane Sandy, following which it suffered substantial damages and lost revenues.  As a result, the Debtor was forced to default on its equipment loans.  While one lender has given the Debtor a series of forbearance agreements, the last is set to expire at or about the end of this year. In addition, the forbearing lender, ACM Capital ("ACM") required the Debtor to refinance its other loan and to use a restructuring specialist approved by it to facilitate same as a condition of forbearance.  The Debtor was thus forced to use that restructuring "specialist", which failed to obtain a replacement lender.  As a result, with a forbearance deadline approaching, the Debtor was forced to accept a loan from Big Shoulders Capital, a hard money lender, at an interest rate which, when including various fees and costs, may exceed the criminal usury rate of 25 percent. Debtor believes that this was orchestrated by ACM in an attempt to take control of the Debtor, its affiliates, and their assets.

6.      Therefore, the Debtor was left with no choice but to file the instant Chapter 11 case to afford it the opportunity to restructure its debt in such a way that it may pay its creditors and continue to operate its business as a going concern.

7.      This case was commenced as a Chapter 11 case, and as such there has been no trustee or creditors' committee appointed in this case.

8.      A list of the Debtor's twenty largest unsecured creditors is annexed hereto at Exhibit "A".

9.      A list of the Debtor's five largest secured creditors is annexed hereto at Exhibit "B".

10.     The Debtor's assets primarily consist of a fleet of passenger motor coaches, parts inventory,  intercompany receivables from affiliated corporations and the Debtor's bank accounts.

11.     The Debtor's liabilities consist of the following:

> - secured debt in the aggregate sum of $3,763,861.00
> - general unsecured debt in the aggregate sum of $671,500.84.

12.     None of the shares in the Debtor are publically traded.

13.     None of the Debtor's property is in the possession or custody of any third party.

14.     The Debtor's assets are located at 1600 Locust Avenue, Bohemia, New York

15.     Debtor's books and records are maintained in part at the Debtor's principal offices and in part at the office of the Debtor's accountant Cerini & Associates.  The Debtor does not have any assets outside the territorial United States.

16.     The Debtor is managed by its president and sole shareholder, William Schoolman. Mr. Schoolman handles all of the management duties, and has had several years of experience in motor coach charter services.

17.     The Debtor has approximately fifty-five (55) employees, and as such, there is an estimated amount of $152,000.00 needed for weekly payroll for the 30-day period following the filing of the Chapter 11 petition.

18.     During the 30-day period following the filing of the Chapter 11 petition, the Debtor plans to pay its officers and directors approximately $3,800.00 per week.

19.     During the thirty (30) day period immediately following the filing of this case it is anticipated that the Debtor will have $486,249.15 in receipts and will be required to disburse approximately $518,772.04 to continue operations.

20.     As stated above, the Debtor's main objective in its chapter 11 case is to obtain the "breathing room" necessary to allow it to confirm a chapter 11 plan which will maximize the value of the Debtor's estate for all of it's creditors either through a refinance of it's secured debt or a sale of substantially of all of it's assets and the payment to the Debtor's creditors in

3

accordance therewith.  The Debtor believes that it will be able to successfully meet its objective and successfully emerge from Chapter 11 pursuant to a successful plan of reorganization.

### Motion to Use Cash Collateral

21.  Prior to the Petition Date, the Debtor entered into certain loan documents and security agreements with ACM and/or its predecessor-in-interest, Suffolk County National Bank (collectively hereinafter referred to as the "ACM Documents"), and Big Shoulders Capital LLC ("BSC") (collectively hereinafter referred to as the "BSC Documents"). Pursuant to the ACM and BSC Documents, ACM and BSC made loans, advances, and other financial accommodations to and for the benefit of the Debtor secured by a lien on, and security interest in substantially all Debtor's assets including but not limited to, all of Debtor's existing and after acquired accounts, merchandise, returns, inventory, machinery and equipment, and intangibles, together with the proceeds and products thereof.

22.  The Debtor has determined that it is in the best interests of its creditors to file the Chapter 11 case in order to afford it a breathing spell while it works toward proposing a Chapter 11 Plan which will maximize the value of the Debtor's estate for all of its creditors, either through a refinance of its secured debt or a sale of substantially all of its assets.  Since the Debtor's business will generate greater value for the estate as a going concern rather than conducting a "fire sale" of its hard assets piecemeal, it is imperative that the Debtor continue its operations while it secures either exit financing or a purchaser for the Debtor's business.

23.  As a result of the above, the Debtor's continued use of cash collateral is essential. The Debtor requires use of cash collateral to pay operating expenses for its business including salaries, bus maintenance, fuel, insurance, and other necessary costs as set forth on the interim budget.

4

24.  Absent the use of cash collateral, the Debtor will not have sufficient liquidity to continue to satisfy the above-described obligations, resulting in immediate and irreparable harm to the Debtor's creditors, its estate, and its employees.  Use of cash collateral at the onset of this case is critical to avoid immediate and irreparable harm to the estate, and to support the Debtor's effort to maximize the estate for the benefit of all creditors and parties-in-interest.

_____ */s/ William Schoolman* _____
WILLIAM SCHOOLMAN

Sworn to before me this
18th day of March, 2016

*/s/ Michael G. Mc Auliffe* _____
Notary Public

5

EXHIBIT "A"

Fill in this information to identify the case:

Debtor name    **SCHOOLMAN TRANSPORTATION SYSTEM, INC.**

United States Bankruptcy Court for the:    **EASTERN DISTRICT OF NEW YORK**

Case number (if known):    _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Acme Auto Radiator &Glass 49 Carleton Ave Islip Terrace, NY 11752 | | auto repair | | | | $2,900.00 |
| Action Tire Retreaders 40 Brook Ave Deer Park, NY 11729 | | Auto Repair | | | | $4,034.00 |
| American Agip Co., Inc. PO Box 7247-6989 Philadelphia, PA 19170 | | automibile supplies | Disputed | | | $2,962.50 |
| Atlantic Detroit Deisel PO Box 950 Lodi, NJ 07644 | | Automobile Service | Disputed | | | $1,000.00 |
| Bank of America PO Box 15796 Wilmington, DE 19886 | | business credit card | | | | $91,388.43 |
| Bridgestone/Firestone 70249 Network Place Chicago, IL 60673 | | Automobile Supplier | Disputed | | | $103,248.62 |
| Camerota Truck Parts 245 Shaker Road Enfield, CT 06083 | | automobile service | Disputed | | | $41,936.16 |
| Cerini & Associates, LLP 3340 Veterans Memorial Hw Bohemia, NY 11716 | | accounting services | | | | $23,000.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **SCHOOLMAN TRANSPORTATION SYSTEM, INC.**
_____    Case number *(if known)*    _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Chase Credit Card PO Box 15153 Wilmington, DE 19886 | | business credit card | | | | $55,574.75 |
| CXT Heavy Collision & Rec 99 Beaverdam Road Bellport, NY 11713 | | auto repair | Disputed | | | $47,779.82 |
| Gabrielli Truck Sales Ltd PO Box 512569 Philadelphia, PA 19175 | | automobile services | | | | $929.91 |
| Grainger MW H11 Palatine, IL 60038 | | automobile parts and service | | | | $1,083.31 |
| Huntington Brake & Equip. 179 Herricks Rd New Hyde Park, NY 11040 | | automobile service | | | | $51,439.74 |
| KCP Advisory 24 New England Executive Suite 215 Burlington, MA 01803 | | business advisory group | Disputed | | | $130,000.00 |
| Metrolube 229 Arlington Ave Staten Island, NY 10303 | | automobile service | | | | $4,977.44 |
| NIC Holding Corp. 225 Broad Hollow Rd Suite 212W Melville, NY 11747 | | Automobile Service | | | | $40,659.53 |
| Paradise Advertising, Inc 427 Route 25A Suite 1 Rocky Point, NY 11778 | | business services | | | | $38,929.00 |
| Sailon Auto Electric Inc. 106 Underhill Blvd Syosset, NY 11791 | | automobile service | | | | $3,775.76 |
| The Hudson Group 360 Merrimack Street Bldg 9, 2nd Floor Lawrence, MA 01843 | | business services | | | | $22,639.49 |

Debtor    **SCHOOLMAN TRANSPORTATION SYSTEM, INC.**
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Uniferst Corp. 50 Carnation Ave Bldg 5 Floral Park, NY 11001** | | **business services** | | | | $2,019.45 |

EXHIBIT "B"

## LIST OF CREDITORS HOLDING FIVE LARGEST
## SECURED CREDITORS OF SCHOOLMAN TRANSPORTATION
## SYSTEM, INC., CHAPTER 11 DEBTOR

| Name and Address of Creditor | Nature of Lien | Amount of Claim |
|---|---|---|
| Big Shoulders Capital,LLC 105 Revere Drive, Suite D Northbrook IL 60062 | security agreement | $1,200,000.00 |
| Big Shoulders Capital,LLC 105 Revere Drive, Suite D Northbrook IL 60062 | security agreement | $1,100,000.00 |
| ACM Riverhead V, LLC 780 Third Ave, 27th Floor New York NY 10017 | security agreement | $446,401.00 |
| ACM Riverhead V, LLC 780 Third Ave, 27th Floor New York NY 10017 | security agreement | $206,223.00 |
| ACM Riverhead V, LLC 780 Third Ave, 27th Floor New York NY 10017 | security agreement | $184,949.00 |